**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **12-04186-jw**

**ORDER GRANTING WELLS FARGO BANK, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**03/13/2017**



*signature: John E. Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 03/13/2017

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Christina O. Gecy,<br><br>　　　　　　　　Debtor. | C/A No. 12-04186-JW<br><br>Chapter 13 |
|---|---|

## ORDER GRANTING WELLS FARGO BANK, N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter comes before the Court on the Motion of Wells Fargo Bank, N.A. ("Bank") seeking relief from the automatic stay of 11 U.S.C. § 362(a)[1] ("Motion").[2] Debtor Christina O. Gecy ("Debtor") filed a timely objection to the Motion ("Objection"). A hearing was held, attended by counsel for Movant, counsel for the Debtor, and Debtor's spouse, Benjamin Gecy ("Husband"). Debtor was not present at the hearing.[3]

After considering the matters presented to the Court, including the arguments of counsel and the testimony of Husband, as well as the pleadings and exhibits offered by the parties, and a review of the applicable law and statutes, the Court grants the relief requested by Bank, making the following findings of fact and conclusions of law:[4]

### FINDINGS OF FACT

1.　　Debtor filed her petition for relief under Chapter 13 of the Bankruptcy Code on July 5, 2012.

---

[1] Hereinafter, all references to provisions under the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, shall be by section number only.

[2] Contemporaneous with the Motion, Bank filed a motion for relief from the co-debtor stay of § 1301 as to Debtor's non-filing spouse. No objection was filed to that motion, and an Order Modifying the Co-Debtor Stay was entered on January 5, 2017.

[3] According to Debtor's counsel, Husband is most familiar with the loan and payment history.

[4] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

1

2. James M. Wyman is the Chapter 13 trustee ("Trustee"). The Trustee did not object or otherwise respond to the Motion.

3. Movant is the holder of a secured claim against Debtor by virtue of an Adjustable Rate Note dated January 4, 2005 in the original principal amount of $469,500, executed and delivered to Movant by Debtor ("Note"). The Note is secured by a first mortgage lien on a parcel of real property located in Beaufort County, South Carolina ("Property") which serves as the principal residence of Debtor and Husband. The mortgage was executed and delivered to Bank by Debtor and Husband on January 4, 2005, and was recorded in the Beaufort County Register of Deeds on January 12, 2005 ("Mortgage").[5]

4. Debtor's Chapter 13 plan was confirmed by order of this Court dated January 9, 2013 ("Confirmed Plan"). Debtor's Confirmed Plan is a 52 month plan, the term of which will conclude in June 2017. The Confirmed Plan provides that Debtor would cure Bank's prepetition arrearage by making payments directly to the Trustee, and that Debtor would resume making regular direct monthly mortgage payments to Bank commencing with the payment due in August 2012.

5. In November 2012 Debtor stopped making regular monthly payments to Bank. To date, Debtor has not resumed making regular monthly mortgage payments. Husband testified that Debtor stopped making monthly payments because Husband believed that the monthly payment statement sent by the Bank contained an incorrect payment amount.

---

[5] The Note and Mortgage will be collectively referred to herein as the "Loan Documents."

2

6. It is undisputed that the loan is due for the November 1, 2012 post-petition payment, forward, and that there is a post-petition arrearage as of November 15, 2016 of approximately $137,213.75.

7. During the course of the Chapter 13 case, on January 31, 2017, January 20, 2016, and February 6, 2015, Bank filed Notices of Mortgage Payment Change, each of which was served on the Trustee, Debtor, and her counsel. No objection or challenge was filed to any of the notices.

8. It appears from correspondence that Debtor and Husband engaged Bank in non-portal,[6] loss mitigation/mortgage modification efforts ("Non-Portal LM/MM") at least two times, once in 2015 and once in 2016.

9. On January 3, 2017, the Trustee filed and served his Notice To Debtor of Plan Completion and Notification of Need to File Request for Discharge. On January 4, 2017, the Trustee filed and served his Notice of Final Cure Mortgage Payment on Bank.

10. On January 20, 2017, Bank filed its response to Notice of Final Cure Payment pursuant to Rule 3002.1, indicating that, while it agreed that Debtor had paid the full amount required to cure the prepetition default on Bank's claim, Debtor was not current on all her post-petition payments consistent with § 1322(b)(5) ("Response to Final Cure"). The Response to Final Cure indicated that as of November 1, 2016, Debtor had a post-petition delinquency of $137,213.75.

---

[6] Loss mitigation/mortgage modification through the Portal ("Portal LM/MM") is a Bankruptcy Court-supervised procedure pursuant to which debtors and mortgage creditors may engage in structured loss mitigation/mortgage modification efforts. "Non-Portal LM/MM" refers to mortgage modification efforts undertaken by parties outside the Court-supervised program. Portal LM/MM is preferred because it allows Court oversight, and reduces disputes by enabling parties interested in loss mitigation/mortgage modification to communicate more quickly and to exchange all necessary documentation in a secure and transparent online environment while preserving the record of communication, exchanging documents, and establishing deadlines for completion of the review.

11. Debtor did not file a request for a determination of final cure and payment, as provided for in Bankruptcy Rule 3002.1(h), apparently not contesting the arrearage.

12. Due to the failure to pay post-petition direct mortgage payments required by the Confirmed Plan and § 1322(b)(5), Debtor is not entitled to a discharge under § 1328(a).

13. In her Objection to the Motion, Debtor alleges that the Motion should be denied because:

    a) the Property has "substantial equity;"

    b) Bank did not act in good faith in connection with Debtor's Non-Portal LM/MM efforts;

    c) "additional evidence" establishes that Debtor has several causes of action against Bank that Debtor intends to bring via an adversary proceeding, including breach of contract, violations of the South Carolina Unfair Trade Practices Act, promissory estoppel, and violations of the bankruptcy code and rules.[7]

14. In further support of the Objection, Debtor presented Husband's testimony that Debtor had ceased making monthly payments to Bank because Husband disagreed with the monthly payment amount contained in the Bank's statements. Husband asserted that according to his calculations, the mortgage payment reflected in Bank's monthly statements was too high. Husband claims Bank ignored his requests to correct the payment amount to the proper amount owed. Debtor was unable to produce any correspondence or

---

[7] In both her objection and at the hearing, Debtor's counsel indicated that Debtor intended to file an adversary proceeding that would raise the issues set forth in the Objection. As of the date of this Order, no such adversary proceeding has been filed. The Court also notes that, as pointed out by Bank in response to the Objection, there is no private right of action for a denial of a HAMP Loan Modification. *Steffens v. American Home Mortg. Servicing, Inc.*, 2011 WL 901179, at *3 (D.S.C. Mar. 15, 2011) (holding that there is no private right of action under HAMP).

documentation from Bank that directed Debtor to stop making payments, or that indicated Bank agreed for Debtor to stop making payments.

15. Bank's certification of facts states that the Property has a fair market value of $440,000, and that there is no equity in the Property over and above the lien. It appears that Bank obtained this value from Debtor's Schedule A.

16. Debtor asserts that the Property has a fair market value of $654,100. Debtor derived this figure from a 2016 Beaufort County Tax Assessment that was introduced into evidence.[8]

17. According to the representations of counsel for Bank, prior to this bankruptcy case, Bank had commenced a prepetition foreclosure and obtained a judgment and decree of foreclosure from the state court. If the stay is modified, re-advertisement will be necessary before the state court can conduct a foreclosure sale.

18. On March 1, 2017, Debtor filed a Notice and Motion for Loss Mitigation through the Portal ("Portal LM/MM"). On March 3, 2017, Bank filed an objection to Debtor's Notice and Motion for Portal LM/MM.

## CONCLUSIONS OF LAW

Bank sought relief from the automatic stay pursuant to § 362(d)(1) and (d)(2).[9] Bank, as the party seeking relief from stay, has the burden of proof on the issue of Debtor's

---

[8] As additional support of the value of the Property, Debtor introduced into evidence two appraisals provided by the Bank. One appraisal was dated May 2014 and indicated a value of $750,000. The second appraisal was from 2016 and indicated a value of $555,000. Debtor also attempted to introduce into evidence a November 2016 appraisal obtained by Debtor ("Exhibit G"). Upon the failure of the appraiser to attend the hearing, Bank objected to the introduction of Exhibit G on hearsay grounds, which objection the Court now sustains.

[9] Section 362(d)(1) and (2) provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

equity in the Property. 11 U.S.C. § 362(g)(1). Debtor has the burden of proof on all other issues. *Id.* at (g)(2).

On the issue of Debtor's equity in the Property, the only evidence before the Court was offered by the Debtor. Although the precise value of the Property is not entirely clear, there is evidence in the record to satisfy the Court that there is equity in the Property over and above Bank's lien. Because there is equity it the Property, Bank is not entitled to relief from stay pursuant to § 362(d)(2).

Turning to § 362(d)(1), this Court has broad discretion to determine what constitutes "cause" sufficient to justify relief from stay. *In re Neals*, 459 B.R. 612 (Bankr. D.S.C. 2011) (debtors' unexcused failure to make any direct post-petition mortgage payments constitutes a substantial default under the terms of their plan and is cause to modify the automatic stay); *In re Lee*, 428 B.R. 667, 669-70 (Bankr. D.S.C. 2009); *see In re Quinlan*, 12 B.R. 516, 517 (Bankr. W.D. Wis. 1981) (finding that a debtor's "unexcused failure" to make direct payments to a creditor in accordance with a confirmed Chapter 13 plan constitutes cause to grant relief from the stay); *E.F. Hutton Mortg. Corp. v. Williams (In re Williams)*, 68 B.R. 442, 443 (Bankr. M.D. Ga.1987) (finding that in the event of a significant post-petition default by the debtor and no likelihood of cure, cause for relief from stay exists). "Cause" is not defined in the Code; therefore, the Court must decide

---

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if--

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization; . . . .

6

whether to grant stay relief for cause on a case by case basis. *Robbins v. Robbins* (*In re Robbins*), 964 F.2d 342, 345 (4th Cir. 1992) ("Because the Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis"). The party requesting relief under § 362(d)(1) has the initial burden of proving that cause exists for relief from the automatic stay, but upon such a showing, the burden shifts to the debtor to demonstrate a lack of cause and the existence of adequate protection  *In re Toomer*, 2011 WL 8899488, at *2 (Bankr. D.S.C. Oct. 5, 2011).

This Court has previously considered three (3) factors it will weigh when determining whether sufficient cause exists for granting relief from the automatic stay when a debtor fails to make direct post-petition mortgage payments to an oversecured creditor: (1) whether the debtor's failure to make the post-confirmation direct mortgage payments was due to circumstances beyond the debtor's control; (2) the extent debtor's equity in the creditor's collateral can serve as adequate protection of the creditor's interest; and (3) whether the debtor has presented credible evidence indicating an ability to cure the default within a reasonable period of time. *In re Toomer*, 2011 WL 8899488 (Bankr. D.S.C. Oct. 5, 2011); *In re Mitchum*, No. 10-06986-JW (Bankr. D.S.C. Oct. 20, 2011).

Applying the first *Toomer* factor to this case, there is no evidence that Debtor's failure to make the post-petition direct mortgage payments for such a long period of time was due to circumstances beyond her control. It appears the initial failure to pay was based upon a disagreement regarding the payment amount. While Debtor may have corresponded or called Bank about the payment amount dispute, Debtor failed to take more formal action by filing a motion with the Court, or challenging the subsequent Notices of Mortgage Payment Change. This factor weighs in favor of the Bank.

Turning to the second factor, there appears to be equity in the Property above Bank's lien. However, considering the substantial post-petition arrearage and the fact that only a few months remain in the term of Debtor's Confirmed Plan, the presence of equity offers no effective adequate protection for Bank.

Finally, there is no credible evidence that Debtor can cure her plan default within the remaining brief term of the Confirmed Plan. While Debtor maintains she has claims against Bank, she has not yet asserted them despite sufficient opportunity.[10] Debtor's efforts to seek further loss mitigation/mortgage modification consideration, this time via the Court's Portal, appear to be too little too late. When parties choose a non-portal process, the Court has little ability to monitor or review the procedure. The record is limited and often boils down to a "he said, she said" contest. Under these circumstances, the Court declines to consider further loss mitigation/mortgage modification proceedings in this case.

## CONCLUSION

For the reasons stated above, Debtor's Objection to the Motion is overruled. Bank's Motion for relief from stay pursuant to § 362(d)(1) is granted.

**AND IT IS SO ORDERED.**

---

[10] Nothing in this Order should be construed as limiting the Debtor's ability to pursue these claims before the state court.

8